IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES S.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:24-CV-000588-BU |
| LELAND DUDEK,[2] | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's appeal of the Social Security Administration's denial of Disability Insurance Benefits (DIB). For the reasons explained below, the Court AFFIRMS the decision of the Commissioner of Social Security denying Plaintiff's application for DIB.

### I. JURISDICTION

The Court has subject matter jurisdiction under 42 U.S.C. § 405(g) because Plaintiff seeks judicial review of the final decision of the Commissioner. The undersigned has the authority to enter this Order and exercise the full authority of this Court after the parties

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] Although Martin O'Malley was the Acting Commissioner at the time this action was filed, the current Acting Commissioner, Leland Dudek, is "automatically substituted as a party" by operation of law. Fed. R. Civ. P. 25(d); *see also* 45 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

consented to the undersigned exercising jurisdiction. Special Order No. 3-350 (N.D. Tex. Sept. 11, 2023).

## II. BACKGROUND

Plaintiff, James S., was born in 1967. Tr. 441. He alleged disability beginning on April 15, 2020. Tr. 444. Plaintiff claims his disability is due to prostate cancer with metastasis; depression; an old left ankle injury with swelling; right knee impairment; low back, shoulder, and neck pain; three herniated disks in the neck; spinal stenosis; neuropathy; limited range of motion in the left shoulder; and inability to stand for long periods. Tr. 444.

Plaintiff filed his application for DIB on December 21, 2021. Tr. 15, 411–12. After initial and reconsideration level denials, Tr. 293, 302, Plaintiff had a hearing before an ALJ on November 1, 2023. Tr. 258–84. On January 24, 2024, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. Tr. 15–27. The Appeals Council denied a request for review on April 24, 2024, making the ALJ's decision the SSA's Final Agency Action. Tr. 1–3. On June 24, 2024, Plaintiff brought this civil action to challenge the ALJ's decision under 42 U.S.C. § 405(g). Dkt. No. 1.

Plaintiff challenges the ALJ's decision on the basis that the ALJ erred at Step 4, by failing to consider Plaintiff's ability to perform basic work activities in her RFC analysis. *See* Dkt. No. 8. Initially, Plaintiff also challenged the ALJ's decision on the basis that the ALJ erred at Step 5. *Id.* However, in their reply, Plaintiff dropped this claim. Dkt. No. 10 at 6, n. 4.

At Step 2, the ALJ found that Plaintiff's severe impairments included depression, anxiety, somatic symptom disorder, as well as other physical impairments not relevant to

this appeal. Tr. 17. At Step 3, the ALJ found that Plaintiff's mental impairments caused moderate limitations in two paragraph B criteria—interacting with others and concentrating, persisting, or maintaining pace—and mild limitations in the remaining two criteria—understanding, remembering, and applying information and adapting or managing himself. Tr. 18–19.

At Step 4, the ALJ found that Plaintiff had the Residual Functional Capacity to understand, remember, and carry out detailed, but not complex, instructions and could frequently interact with coworkers, supervisors, and the public. Tr. 19. Based on testimony from a vocational expert, Tr. 278–84, the ALJ found that Plaintiff was not disabled because he could perform his past work, as well as a significant number of other jobs in the national economy. Tr. 25–27.

### III. LEGAL STANDARDS

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

Although a claimant bears the burden of establishing whether they meet the requirements for a disability, an ALJ's finding that a claimant has not satisfied their burden must be based on substantial evidence. *See, e.g.*, *Belk v. Colvin*, 648 F. App'x 452 (5th Cir. 2016) (per curiam). And judicial review of the Commissioner's decision to deny benefits is

limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing

any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

## IV. DISCUSSION

Plaintiff challenges the internal consistency of the ALJ's decision and argues that the ALJ did not properly consider the 'basic work activities' found in the regulations. Citing SSA policy statements and regulations, Plaintiff contends that because the ALJ found at least moderate impairments under the Psychiatric Review Technique at Steps 2 and 3, the ALJ necessarily determined Plaintiff's "ability to perform basic work activities is significantly limited." Dkt. No. 8 at 4. Therefore, per Plaintiff, the ALJ must discuss "basic work activities," including "understanding, carrying out and remembering simple instructions," the "use of judgment," ability to "respond[] appropriately to supervision, co-workers and usual work situations," and "dealing with changes in a routine work setting." 20 C.F.R. § 404.1522(b)(3–6) (cited by id.).

5

According to Plaintiff, a finding of moderate impairment at step 2 necessarily means that these four basic work activities are severely limited. Thus, per Plaintiff, the ALJ did not impose appropriate limitations for Plaintiff's inability to "remember simple instructions." Dkt. No. 8 at 6, 4 (emphasis omitted). On the same basis, Plaintiff challenges the ALJ's opinion because the ALJ imposed "no limitation[s] in the RFC on the use of judgment" or "on dealing with changes in a routine work setting." *Id.* at 6 (citing 20 C.F.R. § 404.1522(b)(4, 6)).

The Commissioner responds by arguing that "Plaintiff is conflating" Steps 2 and 3 with an RFC finding. Dkt. No. 9 at 7. The Commissioner also contends that the ALJ found appropriate limitations for the severe impairments and that the law does not "require the ALJ to find that the limitations found in evaluating the mental impairment must be word-for-word incorporated into [] the RFC determination." *Id.* (quoting *Patterson v. Astrue*, 2009 WL 3110205, at *5 (N.D. Tex. Sept. 29, 2009)).

In reply, Plaintiff further argues "there is an inherent contradiction between a finding of severe mental impairment [at step 2] based on a moderate limitation in concentration, persistence, or pace" and an RFC finding that Plaintiff can do more than simple work. Dkt. No. 10 at 3. Plaintiff argues that the ALJ did not properly consider 'basic work activities,' as required by the regulations. Dkt. No. 8 at 4. Citing SSA policy statements and regulations, Plaintiff contends that because the ALJ found at least moderate impairments under the Psychiatric Review Technique (PRT) at step 2, the ALJ necessarily also found Plaintiff to have severe mental impairments. *Id*. This in turn "means that **as a matter of law** the claimant's ability to perform basic work activities is significantly limited." *Id.* (emphasis

6

in original). Yet, "despite finding a severe mental impairment at step 2 due to a moderate limitation in concentrating, persisting, and maintaining pace, the ALJ's RFC finding was not reflective of a severe mental impairment." Dkt. No. 10 at 1. This argument is without merit.

"The PRT and [mental] RFC inquiry processes are distinct and serve different purposes, as 'the limitations in the Paragraph B criteria [utilized in the PRT inquiry] are specifically not a residual functional capacity assessment.'" *Julie H. v. Kijakazi*, 2023 WL 8183822, at *3 (N.D. Tex. Nov. 27, 2023) (quoting *Hawkins v. Kijakazi*, 2021 WL 4923311, at *5 (W.D. Tex. Oct. 21, 2021)); *see also Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001) (an ALJ finding a severe impairment at step 2 is different from the ALJ's assessment of the claimant's RFC). Rather, "paragraph B" criteria are used to rate the severity of mental impairments at steps 2 and 3 of the sequential process. SOCIAL SECURITY REGULATION ("SSR") 96-8p, 1996 WL 374184, at *4 (S.S.A. July 2, 1996). In other words, paragraph B criteria are used to determine whether an impairment is "severe" at step 2 and whether the impairment meets a listing at step 3. *Id*.

In contrast, "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment [of the areas of mental functioning]." *Id*. This is done by "itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorder listings in 12.00 of the Listing of Impairments." *Id.* These functions consider the claimant's abilities to: 1) understand, remember, or apply information; 2) interact with others; 3) concentrate, persist, or maintain pace; and 4) adapt or manage oneself. 20 C.F.R. §§ 404.1520a(c)(3).

The Social Security Administration has also released a non-exhaustive list of work activities to aid ALJ's in determining what constitutes a severe limitation. 20 C.F.R. § 404.1522(b). These examples include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in routine work setting.

*Roberts v. Comm'r of Soc. Sec.*, 2025 WL 1268116, at *4 (N.D. Tex. May 1, 2025) (quoting *Id.*) This list is non-exhaustive and non-exclusive. *Id.* A finding of severe impairment does not require a discussion of the listed work activities, or an explicit accounting of them into the RFC. *Id.*

But "[a] claimant is not entitled to social security disability benefits merely upon showing that she has a severe disability. Rather, the disability must make it so the claimant cannot work to entitle the claimant to disability benefits." *Gutierrez v. Barnhart*, 2005 WL 1994289, at *9 (5th Cir. 2005). An ALJ is required to assess a claimant's mental impairments, and if found to be severe, must then proceed to the RFC determination. But "the regulations do not specifically require the ALJ to find that the limitations found in evaluating the mental impairment must be word-for-word incorporated into [] the RFC determination[.]" *Patterson*, 2009 WL 3110205, at *5.

Here, the ALJ thoroughly discussed all paragraph B criteria. Regarding understanding, remembering, or applying information, the ALJ found that Plaintiff had no more than

a mild limitation. Tr. 18. In making this finding the ALJ relied on a psychological examination that found Plaintiff had fair memory and low average intelligence. Tr. 18. Regarding interacting with others, the ALJ found that Plaintiff had a moderate limitation. Tr. 18. In making this finding the ALJ relied on a psychological examination that found a normal mood and affect. Tr. 18. However, the ALJ also noted that Plaintiff reported not having friends outside of family. Tr. 18. Regarding concentrating, persisting, or maintaining pace, The ALJ found Plaintiff had a moderate limitation. Tr. 18. The ALJ noted self-reporting of difficulty concentrating and completing tasks, but also that a psychological examination found he was able to maintain attention that was sustained without distractibility. Tr. 18. As for adapting or managing oneself, the ALJ found a mild limitation. Tr. 19. Here, the ALJ noted difficulty with self-care and domestic skills, but also a psychological examination that found he is still able to manage his personal hygiene, grooming, and prepare food despite these difficulties. Tr. 19.

In addition to a detailed discussion of the paragraph B criteria, the ALJ's mental RFC accounted for the moderate limitations found at step 3 through the RFC's limitation to understanding, remembering, and carrying out detailed, but not complex instructions and frequent interaction with coworkers, supervisors, and the public. Tr. 19. The Court cannot find legal error since the Plaintiff has failed to show that his impairments were not properly accounted for in the RFC finding or that the ALJ failed to do that which the regulations require.

Other courts in this district have found similar restrictions adequately account for these and other moderate limitations. *See Brewer v. Kijakazi,* 2022 WL 18460878, at *3

(N.D. Tex. Oct. 13, 2022) (an "ALJ's conclusion in limiting [a claimant] to 'detailed but not complex information and tasks' in the RFC incorporates the step two and three mental limitations and is consistent with his [] findings [of moderate limitations] at those steps."); *Mary C.R. v. Kijakazi*, 2021 WL 4476764, at *6 (N.D. Tex. Sept. 30, 2021) (collecting cases holding that limiting a plaintiff to carrying out "detailed but not complex tasks" is consistent with a determination that a plaintiff had moderate limitations with regard to the above mentioned qualities.); *see also Jones v. Saul*, 2021 WL 2895867, at *1, 5 (N.D. Tex. July 9, 2021) (affirming a mental RFC where the ALJ determined the plaintiff had "moderate limitation with regard to concentrating, persisting, or maintaining pace" and the RFC permitted "detailed, but not complex tasks"); *see also McDaniel v. Saul*, 2020 WL 7687128, at *1, 3 (N.D. Tex. Oct. 23, 2020), *rec. adopted*, 2020 WL 7395382 (N.D. Tex. Dec. 17, 2020).

  For the same reasons, Plaintiff fails to show the ALJ was required to account for his "use of judgment" and his ability to deal "with changes in a routine work setting," which are also among the listed basic work activities in § 404.1522(b)(3–6). There is no requirement that once an ALJ has found the claimant has a severe impairment at step 2, they must explicitly consider the basic work activities in section 404.1522. Courts in this and other districts have outright rejected this argument. *See Roberts*, 2025 WL 1268116, at *1; *Tammy W. v. Comm'r of Soc. Sec.*, 2025 WL 1720322, at *5 (W.D. Wash. June 20, 2025) ("[T]he Court rejects Plaintiff's argument that because she was found to have a 'severe' mental impairment at Step Two, the ALJ was required to impose any particular restriction on her work."); *Julie H.*, 2023 WL 8183822, at *5 ("This argument is simply incorrect.")

10

(Hendrix, J.); *see also Jennifer J. v. Bisignano*, 2025 WL 1435628, at *7 (E.D. Pa. May 19, 2025) (an "ALJ's failure to include limitations related to mental impairments found mild at steps two and three does not necessarily result in error at step four.") (citation altered); *Stephen T.C. v. Comm'r of Soc. Sec.*, 2024 WL 948592, at *7 (E.D. Mich. Mar. 5, 2024) ("[A]n ALJ who thoroughly discusses a nonsevere impairment at step two need not 'expressly revisit' that impairment later in the written decision.") (citation altered).

Therefore, Plaintiff fails to show how the ALJ's opinion contains legal error, or is otherwise not supported by substantial evidence. As such, the Commissioner's denial of benefits is AFFIRMED.

## V. CONCLUSION

For the reasons stated above, the undersigned the decision of the Commissioner denying Plaintiff's application for SSI benefits is AFFIRMED.

ORDERED this 7th day of July 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE